UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-00067-6-DCLC-CRW |
| | ) | |
| HEATHER DAWN JONES | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Heather Dawn Jones's letter [Doc. 282], which the Court construes as a motion for early termination of her supervised release, and the United States's Response in Opposition [Doc. 283]. In 2020, Ms. Jones pleaded guilty to a conspiracy to distribute a quantity of oxycodone in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(C). [Plea Agreement, Doc. 142, at 1]. At sentencing, the United States 32Probation Office disclosed that she has a protracted history of drug use, which began at age eleven, and a fairly sizeable criminal history, which resulted in a criminal history category of IV and includes offenses like aggravated burglary and the distribution of cocaine. [PSR, Doc. 211, ¶¶ 42, 46, 54, 72]. The Court sentenced her to forty-six months' imprisonment and to a three-year term of supervised release. [J., Doc. 256, at 23]. Now she moves the Court for early termination of her term of supervision, which began on September 5, 2023.

In support of her motion, she states that she has complied with her conditions of supervision, purchased a vehicle, and maintained employment and a residence. [Def.'s Mot. at 1]. The Probation Office, however, does not recommend early termination of her term of supervision because she has not remained drug free. Specifically, last year, she relapsed into drug use after a break up with her boyfriend and tested positive for Roxycodone. In light of her relapse, the Probation Office recommends she reapply for early termination in August 2025, at

which point she will have endured for twelve months without a violation of her conditions of supervision. Having consulted with the Probation Office, the United States concurs with its reasons for opposing Ms. Jones's request and likewise opposes her request. [United States' Resp., Doc. 283, at 1–2]

As an initial matter, the fact that Ms. Jones has assimilated to society does not guarantee early termination of her supervision. *See United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (recognizing that early termination of supervised release requires "exceptionally good behavior" (quotation omitted)); *see also United States v. Laine*, 2010 WL 5173850, at *2 (3d. Cir 2010) (stating that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," and "[s]imple compliance with the conditions of supervised release are expected and not exceptional"); *United States v. Whitehouse*, No. 3:08-CR-185, 2016 WL 3951146, at *1 (E.D. Tenn. July 20, 2016) ("[M]ere compliance with the requirements of supervision is not a sufficient reason to shorten [the defendant's] term of supervised release."); *United States v. Etheridge*, 999 F. Supp.2d 192, 197 (D.D.C. 2013) ("[A] defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance." (quotation omitted)); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (stating that a defendant's re-assimilation into pre-incarceration life is "commendable" but is "expected of a person on supervised release" and therefore "do[es] not constitute the 'exceptional behavior' contemplated in the precedents"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." (citations omitted)).

2

Rather, the decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of her term of supervised release, the Court may—in its discretion—terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Ms. Jones has the burden of establishing that her conduct warrants early termination of her supervision. *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010); *Atkin*, 38 F. App'x at 198.

Having considered the relevant factors under § 3553(a), which the Court need not address in detail, the Court is not satisfied that Ms. Jones's conduct—commendable though it is—and the interest of justice warrant early termination of her supervision. *See United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting the argument that a district court, when denying a request for early termination, has to provide more than a general statement of its reasons under § 3553(a)'s factors); *see also United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient." (quotation omitted)). Ms. Jones's offense of conspiring to distribute a quantity of oxycodone is sufficiently serious to warrant her continued supervision, and so is her criminal history and her alleged relapse into drug use. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000))); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("To be sure, drug trafficking is a serious offense[.]" (citations omitted)); *see also* 18 U.S.C. § 3553(a)(2)(A) (requiring courts to take into account "the seriousness of the offense"); *cf. Suber*, 75 F. App'x at 444 (affirming the district court's denial of a defendant's

request for early termination partly because his "heroin distribution and conspiracy to distribute heroin was sufficiently grave to warrant continued supervised release"). In addition, the continuation of Ms. Jones's supervision is necessary to promote respect for the law, deter her from engaging in criminal conduct, and protect the public from further criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(C). Her motion for early termination of supervised release [Doc. 282] is therefore **DENIED**. She may renew her motion in August 2025 if she has incurred no new violations of her conditions of supervision.

    **SO ORDERED:**

s/Clifton L. Corker  
United States District Judge
